1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  JULIO CONTRERAS,                 )  Civil No. 09-2016-BEN(WVG)
                                     )
12                  Petitioner,      )
                                     )  NOTICE REGARDING POSSIBLE
13  v.                               )  DISMISSAL OF PETITION FOR
                                     )  WRIT OF HABEAS CORPUS FOR
14  FERNANDO GONZALEZ, Warden,       )  FAILURE TO EXHAUST STATE
                                     )  COURT REMEDIES
15                  Respondent.      )
                                     )
16  _____ )

17

18        Petitioner, a state prisoner proceeding *pro se*, has filed a

19  Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Peti-

20  tioner has not exhausted claim no. 3 in his Petition. (See Pet. at

21  8-8A).  The Court, having preliminarily determined the Petition

22  contains an unexhausted claim, notifies Petitioner of the possible

23  dismissal of his Petition.

24        The exhaustion requirement is satisfied by providing the

25  state courts with a "fair opportunity" to rule on Petitioner's

26  constitutional claims.  Anderson v. Harless, 459 U.S. 4, 6 (1982).

27  In most instances, a claim is exhausted once it is presented to a

28  state's highest court, either on direct appeal or through state

09cv2016

collateral proceedings.[1]   See Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings.  See id.

Here, in claim no. 3, Petitioner alleges that there was insufficient evidence to find true gang enhancement allegations against him. However, Petitioner has not presented that claim to the California Supreme Court. (Respondent's Lodgment No. 13).

**1.   PETITIONER'S OPTIONS**

To avoid the Court dismissing the Petition on its own accord, Petitioner may choose one of the following options:

**i)   First Option:   Demonstrate Exhaustion**

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claim the Court has determined is likely unexhausted.   If Petitioner chooses this option, his papers are due no later than August 1, 2010.  Respondent may file a reply by August 15, 2010.

**ii)   Second Option:   Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claim. Petitioner may then file a new federal petition containing only exhausted claims.   See Rose v. Lundy, 455 U.S. 509, 510, 520-21

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
   (A) the applicant has exhausted the remedies available in the courts of the State; or
   (B)(i) there is an absence of available State corrective process; or
   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

09cv2016

1    (stating that a petitioner who files a mixed petition may dismiss

2    his petition to "return[] to state court to exhaust his claims").

3    If Petitioner chooses this second option, he must file a pleading

4    with this Court no later than August 1, 2010.   Respondent may file

5    a reply by August 15, 2010.

6         Petitioner is cautioned that any new federal petition must be

7    filed before expiration of the one-year statute of limitations.

8    Ordinarily, a petitioner has one year from when his conviction

9    became final to file his federal petition, unless he can show that

10   statutory or equitable "tolling" applies.   Duncan v. Walker, 533

11   U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2/] The statute of limita-

12   tions does not run while a properly filed state habeas corpus

13   petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183

14   F.3d 1003, 1006 (9th Cir. 1999).   But see Artuz v. Bennett, 531 U.S.

15   4, 8 (2000) (holding that "an application is 'properly filed' when

16   its delivery and acceptance [by the appropriate court officer for

17   placement into the record] are in compliance with the applicable

18   laws and rules governing filings."); Bonner v. Carey, 425 F.3d 1145,

19

[2/]28 U.S.C. § 2244 (d) provides:

20   (1) A 1-year period of limitation shall apply to an application for
     a writ of habeas corpus by a person in custody pursuant to the
21   judgment of a State court. The limitation period shall run from the
     latest of--
22        (A) the date on which the judgment became final by the
     conclusion of direct review or the expiration of the time for
     seeking such review;
23        (B) the date on which the impediment to filing an application
     created by State action in violation of the Constitution or laws of
24   the United States is removed, if the applicant was prevented from
     filing by such State action;
25        (C) the date on which the constitutional right asserted was
     initially recognized by the Supreme Court, if the right has been
     newly recognized by the Supreme Court and made retroactively
26   applicable to cases on collateral review; or
          (D) the date on which the factual predicate of the claim or
27   claims presented could have been discovered through the exercise of
     due diligence.
28   (2) The time during which a properly filed application for State
     post-conviction or other collateral review with respect to the
     pertinent judgement or claim is pending shall not be counted toward
     any period of limitation under this subsection.

09cv2016

1  1149 (9th Cir. 2005) (holding that a state application for post-
2  conviction relief which is ultimately dismissed as untimely was
3  neither "properly filed" nor "pending" while it was under consider-
4  ation by the state court, and therefore does not toll the statute of
5  limitations), as amended 439 F.3d 993.  However, absent some other
6  basis for tolling, the statute of limitations continues to run while
7  a federal habeas petition is pending.  Duncan, 533 U.S. at 181-82.

8           **iii)  Third Option:  Formally Abandon Unexhausted Claim**

9           Petitioner may formally abandon his unexhausted claim and
10 proceed with his exhausted ones.  See Rose, 455 U.S. at 510, 520-21
11 (stating that a petitioner who files a mixed petition may "resub-
12 mit[] the habeas petition to present only exhausted claims").  If
13 Petitioner chooses this third option, he must file a pleading with
14 this Court no later than August 1, 2010.  Respondent may file a
15 reply by August 15, 2010.

16          Petitioner is cautioned that once he abandons his unexhausted
17 claim, he may lose the ability to ever raise it in federal court.
18 See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a
19 court's ruling on the merits of claims presented in a first § 2254
20 petition renders any later petition successive); see also 28 U.S.C.
21 § 2244 (a)-(b).[3/]

22 _____

23 [3/]    28 U.S.C. § 2244(b)(2) provides that a claim presented in a second
         or successive habeas corpus application under § 2254 shall be
         dismissed unless:
24       (A) the applicant shows that the claim relies on a new rule of
         constitutional law, made retroactive to cases on collateral
25       review by the Supreme Court, that was previously unavailable;
         or                                          (continued)

26       (B)(i) the factual predicate for the claim could not have been
         discovered previously through the exercise of due diligence; and
27       (ii) the facts underlying the claim, if proven and viewed in
         light of the evidence as a whole, would be sufficient to
28       establish by clear and convincing evidence that, but for
         constitutional error, no reasonable factfinder would have
         found the applicant guilty of the underlying offense.

09cv2016

1     **iv)   Fourth Option: File a Motion to Stay the Federal**
2  **Proceedings**

3         Petitioner may file a motion to stay this federal proceeding
4  while he returns to state court to exhaust his unexhausted claim.
5  There are two methods available to Petitioner, the "stay and
6  abeyance" procedure and the "withdrawal and abeyance" procedure.

7         If Petitioner wishes to use the "stay and abeyance" procedure
8  he should ask the Court to stay his mixed petition while he returns
9  to state court to exhaust. Under this procedure he must demonstrate
10 there is an arguably meritorious claim which he wishes to return to
11 state court to exhaust, that he is diligently pursuing his state
12 court remedies with respect to that claim, and that good cause
13 exists for his failure to timely exhaust his state court remedies.
14 <u>Rhines v. Webber</u>, 544 U.S. 269, 277-78 (2005).

15        If Petitioner wishes to use the "withdrawal and abeyance"
16 procedure, he must voluntarily withdraw his unexhausted claim, ask
17 the Court to stay the proceedings and hold the fully-exhausted
18 petition in abeyance while he returns to state court to exhaust, and
19 then seek permission to amend his petition to include the newly
20 exhausted claim after exhaustion is complete.  <u>King v. Ryan</u>, 564
21 F.3d 1133 (9th Cir. 2009).  Although under this procedure Petitioner
22 is not required to demonstrate good cause for his failure to timely
23 exhaust, the newly exhausted claim must be either timely under the
24 statute of limitations or "relate back" to the claims in the
25 fully-exhausted petition, that is, they must share a "common core of
26 operative facts" with the previously exhausted claims.  <u>King</u>, 564
27 F.3d at1143, quoting <u>Mayle v. Felix</u>, 545 U.S. 644. 659 (2005).

28        If Petitioner chooses this fourth option, he must file a

1   pleading with this Court no later than <u>August 1, 2010</u>.  Respondent

2   may file a reply by <u>August 15, 2010</u>.

3   **2.   CONCLUSION**

4          The Court **NOTIFIES PETITIONER THAT HE HAS FILED A PETITION**

5   **THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS AND IT IS**

6   **THEREFORE SUBJECT TO DISMISSAL**.  If Petitioner fails to respond to

7   this Order, the Court will recommend to the

8   District Judge assigned to this case that the Petition be dismissed

9   without prejudice.[4/]  See <u>Rose</u>, 455 U.S. at 522.

10  IT IS SO ORDERED.

11

12  DATED:  June 29, 2010

13

14                                      _____
                                        Hon. William V. Gallo
15                                      U.S. Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27  _____

28  [4/]     Although the dismissal is "without prejudice," Petitioner is again
         cautioned that any later federal petition may be barred by the
         statute of limitations.  <u>See</u> 28 U.S.C. § 2244(d)(1)-(2); <u>see also</u>
         footnote two of this Order.

09cv2016