FILED

11 DEC -2 AM 10:01

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                              DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CONTRERAS,<br><br>                 Petitioner,<br><br>vs.<br><br>FERNANDO GONZALEZ,<br><br>                 Respondent. | CASE NO. 09-CV-2016 BEN (WVG)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS**<br><br>**(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Docket Nos. 1, 24] |

      Plaintiff Julio Contreras, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his San Diego County Superior Court conviction. Magistrate Judge William V. Gallo issued a thoughtful and thorough Report and Recommendation recommending that Petitioner's Petition for Writ of Habeas Corpus be denied. Petitioner filed an Objection to the Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The court "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the objections de novo and for the reasons that follow, the Report is **ADOPTED** and the petition is **DENIED**.

///

///

# BACKGROUND

On September 21, 2005, the San Diego County District Attorney's Office charged Petitioner in an Amended Consolidated Information/Indictment with: (1) conspiracy to distribute methamphetamine with ten overt acts for the benefit of a criminal street gang, with a prior conviction, in violation of California Penal Code § 182(a)(1), California Health and Safety Code § 11379, and Penal Code §§ 186.22(b)(1) and 11370.2(a) [Count 1]; (2) assault upon a person by means likely to produce great bodily injury for the benefit of a criminal street gang in violation of Penal Code §§ 254(b)(1) and 186(b)(1) [Count 3]; (3) extortion for the benefit of a criminal street gang in violation of Penal Code §§ 520, 518, and 186.22(b)(1) [Count 4]; (4) conspiracy to commit extortion with 18 overt acts for the benefit of a criminal street gang in violation of Penal Code §§ 182(a)(1), 518, 520, and 186.22(b)(1) [Count 6]; (5) conspiracy to commit robbery, with ten overt acts, for the benefit of a criminal street gang in violation of Penal Code §§ 182(a)(1), 211, 213(a)(1)(A), and 186.22(b)(1) [Count 8]; (6) first degree robbery in concert as a principal with at least one principal personally using a firearm for the benefit of a criminal street gang in violation of Penal Code §§ 211, 213(a)(1)(A), 12022.53(b), (e)(1), and 186.22(b)(1) [Count 9]; (7) possession for sale of a controlled substance, to wit: methamphetamine for the benefit of a criminal street gang in violation of Health and Safety Code § 11378 and Penal Code § 186.22(b)(1) [Count 18]; and (8) possession of a deadly weapon at a penal institution in violation of Penal Code § 4502(a) [Count 19].

Following a jury trial, Petitioner was convicted of all counts except Counts 3 and 4. The state court sentenced Petitioner to 16 years to life, with an additional determinate term of six years and eight months. On June 13, 2008, the California Court of Appeal affirmed the judgment as modified against Petitioner in an unpublished opinion. The state appellate court found that the trial court should have stricken Petitioner's gang enhancements on Counts 1 and 6 rather than staying the punishments for those counts. Petitioner filed a Petition for Review in the California Supreme Court. The California Supreme Court denied the Petition for Review "without prejudice to any relief to which [Petitioner] might be entitled after the United States Supreme court decides *Oregon v. Ice*, No. 07-901." (Respondent's Lodgment Nos. 13–16.)

The factual background is summarized by the Court of Appeal:[1]

> In 2003, the authorities placed a wiretap on Torres's phone to obtain evidence about a methamphetamine distribution operation run by the Mexican Mafia. The Mexican Mafia is a Hispanic gang operating in California's prisons. The gang's methamphetamine distribution operation extends to the outside community. In the outside community, the gang designates crew leaders who manage the methamphetamine distribution operation. The crew leaders and crew members may belong to different gangs, and are not necessarily persons who have been accepted into the Mexican Mafia. The crew leaders are also charged with the responsibility of collecting debts owed to drug dealers who are under the Mexican Mafia umbrella and of "taxing" methamphetamine dealers who are allowed to operate in areas controlled by the Mexican Mafia. The taxation requires the dealers to provide the crew leader with money, which is then transmitted to Mexican Mafia members in prison and their family members.
> Torres and Contreras are members of the Old Town National City gang, and Gongora is a member of the Del Sol gang. The prosecution presented evidence that Torres was a crew leader for the Mexican Mafia, running a methamphetamine distribution operation from June through December 2003. Torres worked under Mexican Mafia members Jose Marquez and Robert Marin, who he referred to as "the Señors." Contreras and Gongora were identified as crew members working for Torres.
> Victims Sanchez and Bush were also methamphetamine dealers. The extortion-related conduct committed by Torres and Contreras against Sanchez occurred because Sanchez owed money to another methamphetamine dealer who Torres was protecting. The robbery-related offenses committed by defendants against victim Bush occurred as part of taxation activity directed at Bush. The conspiracy to kidnap Jauregui committed by Torres and Gongora arose because Torres believed Jauregui had arranged for Torres to be killed.
> Much of the evidence against defendants was derived from the wiretaps on Torres's phone, as well as from the testimony of several methamphetamine dealers who agreed to testify on behalf of the prosecution.

*People v. Contreras*, Case no. D049192, 2008 WL 2381772, at *2-3 (Cal. App. 4th Dist. June 12, 2008).[2]

## DISCUSSION

As correctly outlined in the Report and Recommendation, federal habeas relief may only be granted when state court proceedings: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Supreme Court has clarified that even an erroneous or incorrect application of clearly established

---

[1] Absent clear and convincing contrary evidence, the factual determinations of a state court are presumed correct on habeas review. *See* 28 U.S.C. § 2254(e)(1).

[2] The opinion by the Court of Appeal was lodged by Respondent as Lodgment No. 12. Lodgment 12, however, contains only the odd-numbered pages and omits the even-numbered pages. The Court accordingly cites to the Westlaw version of the opinion.

federal law does not support a habeas grant, unless the state court's application was "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

### I. SUFFICIENCY OF EVIDENCE

Petitioner argues that his Constitutional rights were violated because insufficient evidence supported his conviction of: (1) Count 1 of the indictment (conspiracy to distribute methamphetamine); (2) Count 18 of the indictment (possession for sale of methamphetamine); and (3) the gang enhancement allegation.

In a sufficiency of evidence claim, a federal habeas court must determine whether "no rational trier of fact could [have found] guilt beyond a reasonable doubt." *Wright v. West*, 505 U.S. 277, 290 (1992) (internal quotation marks omitted); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Court must view all evidence in the light most favorable to the prosecution, and must presume the trier of fact resolved conflicting evidence in favor of the prosecution. *Wright*, 505 U.S. at 296–97. The Court must also analyze the claim "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n.16. After AEDPA, habeas courts "apply the standards of *Jackson* with an additional layer of deference." *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005).

#### A. Count 1 — Conspiracy to Distribute Methamphetamine

Petitioner first contends that he was denied his Fourteenth Amendment right to due process when the jury convicted him of conspiracy to distribute methamphetamine. Specifically, Petitioner alleges: (1) the prosecution presented no evidence that Petitioner agreed or intended to agree to be a party to a drug selling operation; (2) there was no evidence of an overt act; and (3) the prosecution presented no evidence that the alleged overt acts were committed in furtherance of the conspiracy.

The state appellate court denied this claim, finding that based on the contents of the numerous recorded phone conversations, the jury could find that Torres' primary work was methamphetamine distribution, and thus that the people who worked for him were participating in the distribution operation. Torres identified Petitioner as one of the people working for him. Further, the jury could find that the discussion between Torres and Petitioner regarding a job in Temecula which involved something "good" referred to methamphetamine, and the jury could infer from this conversation that the agreement to get "something going" meant they needed to obtain methamphetamine to distribute

to people. The appellate court held that these inferences along with the subsequent arrest of Petitioner and the discovery of cash and methamphetamine support a jury's finding that Petitioner was aware of the methamphetamine in the truck and had agreed to participate in the methamphetamine distribution operation.[3]

The Report and Recommendation sets forth a thorough and detailed analysis of the evidence that supports the jury's verdict. In his Objection, Petitioner contends this evidence is still not sufficient because it is merely circumstantial. However, according to *People v. Prevost*, "conspiracy may be proved through circumstantial evidence inferred from the conduct, relationship, interests, and activities of the alleged conspirators before and during the alleged conspiracy." 60 Cal. App. 4th 1382, 1399 (2d Dist. 1998). With regard to Petitioner's request for an evidentiary hearing, the petitioner is required to "allege specific facts which, if true, would entitle him to relief," *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks omitted), which Petitioner has failed to do. After conducting a de novo review and applying the standards of *Jackson* with an additional layer of deference, the Court adopts the well-reasoned analysis set forth by Judge Gallo and finds that ample evidence supports Petitioner's conviction. Accordingly, the Court overrules Petitioner's objection.

### B.     Count 18 — Possession for Sale of Methamphetamine

Petitioner also contends that he was denied his Fourteenth Amendment right to due process when the jury convicted him of possession of methamphetamine for sale because the prosecution presented insufficient evidence to the jury. Specifically, Petitioner argues that the December 15, 2003 telephone call alone is meaningless, there was no methamphetamine residue found on him at the time of his arrest, and there was no evidence to prove who discarded the money in the trailer park. The state court of appeal denied this claim, finding:

///

///

///

---

[3] "In reviewing sufficiency of evidence claims, California courts expressly follow the *Jackson* standard." *Hernandez v. Adams*, 2007 WL 2326073, at *5 (E.D. Cal. August 15, 2007) (citing to *People v. Thomas*, 2 Cal.4th 489, 513 (1992)). Here, the state appellate court used the standard laid out in *Thomas*, which is derived from the *Jackson* standard, when reviewing the sufficiency of evidence claims, thus fulfilling the exhaustion requirement.

> Here, the evidence showing that Contreras had agreed to participate in the methamphetamine distribution operation likewise showed that he knew about the methamphetamine in the truck, he had control over the drugs, and he intended to sell them. Contrary to Contreras's assertion, this is not a case where the only evidence to support the jury's verdict was Contreras's mere presence in the truck. In addition to Torres's presence in the truck, the jury's finding that Contreras knowingly possessed the methamphetamine for sale was supported by Torres's instruction to Contreras to meet with Hector on December 15, and by the discovery of the discarded methamphetamine and the large amount of cash near the areas where Contreras fled after being stopped by the police.

*Contreras*, 2008 WL 2381772, at *12 (citation omitted).

The Report and Recommendation sets forth a thorough and detailed analysis of the evidence that supports the jury's verdict. Petitioner does not provide any further arguments in his Objection outside those made in his Petition. As stated previously, with regard to Petitioner's request for an evidentiary hearing, the petitioner is required to "allege specific facts which, if true, would entitle him to relief," *Ortiz*, 149 F.3d at 934 (internal quotation marks omitted), which Petitioner has failed to do. After conducting a de novo review and applying the standards of *Jackson* with an additional layer of deference, the Court adopts the well-reasoned analysis set forth by Judge Gallo and finds that ample evidence supports Petitioner's conviction. Accordingly, the Court overrules Petitioner's objection.

### C.     The Gang Enhancement Allegation

Lastly, Petitioner contends that he was denied his Fourteenth Amendment right to due process because there was insufficient evidence to support true findings of the gang enhancement allegation. Although Petitioner did not raise this claim in his brief to the California Court of Appeal, it was raised by Gongora, his co-defendant, and Petitioner joined in any arguments raised by him which were to his benefit. Moreover, Petitioner did raise this claim before the California Supreme Court. The claim was denied.[4]

Petitioner argues that he was unaware that Torres was a Mexican Mafia crew leader or that Torres was conducting Mexican Mafia business, there was no foundation he was affiliated with the Mexican Mafia, he was unaware the crimes being committed were for the benefit of the Mexican Mafia, and there was no foundation that he was automatically affiliated with the Mexican Mafia by

---

[4] "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state–law procedural principles to the contrary." *Harrington v. Richter*, 131 S. Ct. 770, 784–785 (2011).

virtue of his previous gang affiliation. Therefore, Petitioner contends he should not have been given an enhancement for benefitting a gang for which he was unaware. Additionally, Petitioner contends that expert testimony should not have been used to support the gang enhancements because that evidence was improperly admitted due to lack of foundation.

The Report and Recommendation sets forth a thorough and detailed analysis of the evidence that supports the jury's verdict. In his Objection, Petitioner elaborates on his contention regarding expert testimony, and argues that it was improper to allow expert testimony of the defendant's subjective knowledge and intent. The trial court used state law in determining what evidence would be admissible. However, habeas relief is not available for errors of state law. *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011). This is because a mere error of state law is not a violation of due process. *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982). Therefore, the Court will not analyze the expert testimony to determine whether it was properly admitted into evidence. After conducting a de novo review and applying the standards of *Jackson* with an additional layer of deference, the Court adopts the well-reasoned analysis set forth by Judge Gallo and finds that ample evidence supports Petitioner's conviction. Accordingly, the Court overrules Petitioner's objection.

## II.   CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 foll. 28 U.S.C. § 2254. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a petitioner's claims have been denied on their merits, as here, a petitioner can meet the threshold "substantial showing of the denial of a constitutional right," by demonstrating that: (1) the issues are debatable among jurists of reason; (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000). The Court **DENIES** a certificate of appealability because the issues are not debatable among jurists of reason, the Court could not resolve the issues in a different manner, and there are no questions adequate to deserve encouragement.

///

///

## CONCLUSION

After a de novo review, the Court fully **ADOPTS** Judge Gallo's Report. Petitioner is not entitled to habeas relief and his Petition is **DENIED.** The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: December __, 2011

Hon. Roger T. Benitez
United States District Court Judge